IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| FPM GEOPHYSICAL AND UXO SERVICES, INC., A DIVISION OF FPM GROUP, LTD., | ) ) ) | JURY DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Richard Bennington. As alleged with greater particularity in paragraphs 8-17 below, the Commission alleges that Defendant failed to hire Mr. Bennington for an unexploded ordnance position because of his age, then 60.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, FPM Geophysical UXO Services, Inc., a Division of FPM Group, Ltd. (the "Employer"), has continuously been doing business in the State of Tennessee and the City of Oak Ridge, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Richard Bennington (Bennington) filed a charge with the Commission alleging that Defendant Employer engaged in employment practices which violate the Age Discrimination in Employment Act.

8. On or around June 26, 2007, Bennington, then age 60, contacted Defendant seeking employment in the unexploded ordnance industry.

9. Defendant had obtained a governmental contract for a removal action project that began April 15, 2007, at Barksdale Air Force Base in Bossier, Louisiana.

10. All offers for employment emanated from Defendant's main office in Oak Ridge, Tennessee.

11. Bennington had worked in the unexploded ordnance industry in the United States and the Middle East for more than 20 years.

12. Around June 26, 2007, Defendant instructed Bennington to submit his resume and certification for review.

13. After Bennington submitted his resume and certification, on June 27, 2007, he was rejected for employment.

14. Defendant responded to Bennington in an email and stated that it preferred not to hire someone of his experience into a Tech II position because "it is a young T2 sport down here also; heat; work etc. I will consider you for future positions that may be more suitable for you."

15. Defendant failed to hire Bennington.

16. Defendant failed to consider Bennington for future positions.

17. While denying Bennington hire, Defendant continued to fill positions that Bennington qualified for at the jobsite.

18. Since at least June 2007, Defendant engaged in unlawful employment practices at its Oak Ridge, Tennessee facility, in violation of the ADEA, 29 U.S.C. § 623(a)(1). These practices include, refusing to hire Bennington because of his age, then 60.

19. The effect of the practices complained of in paragraphs 8-18 has been to deprive Bennington of equal employment opportunities and otherwise adversely affect his status as employee because of his age.

20.     The unlawful employment practices complained of in paragraphs 8-17 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of age.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Richard Bennington as a result of the acts complained of above, including but not limited to other benefits that Bennington would have received but for Defendant's failure to hire him.

D.     Order Defendant to make whole Bennington adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to all benefits that Richard Bennington would have received but for Defendant's alleged failure to hire him.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

*[signature]*
FAYE WILLIAMS
Regional Attorney
TN Bar No. 11730

*[signature]*
DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 18499

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

*[signature: Sally Ramsey / By]*
SALLY RAMSEY
Senior Trial Attorney
TN Bar No. 18859

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105