UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:08-CV-380 (VARLAN/SHIRLEY) |
| FPM GROUP, LTD | ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

This civil action is before the Court on defendant FPM Group LTD's ("FPM's"), Motion to Dismiss the Amended Complaint Due to Defective Venue, Jurisdiction, Complaint and Failure to State a Claim [Doc. 11]. Plaintiff Equal Employment Opportunity Commission ("the Commission") has filed a Response in Opposition to Motion to Dismiss the Amended Complaint [Doc. 12]. FPM has not filed a reply. Thus, the matter is now ripe for determination. The Court has carefully considered the pending motion and the related pleadings in light of the applicable law and, for the reasons set forth below, the Court will deny FPM's Motion to Dismiss the Amended Complaint Due to Defective Venue, Jurisdiction, Complaint and Failure to State a Claim [Doc. 11].

**I.      Relevant Facts and Procedural History**

The Commission filed a Complaint [Doc. 1] against FPM on September 17, 2008, alleging claims of unlawful employment practices on the basis of age pursuant to § 7(b) of

the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("the ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The Commission alleged that on or around June 26, 2007, Richard Bennington (hereinafter, "Bennington"), then sixty (60) years of age, contacted the Oak Ridge, Tennessee office of FPM seeking a position in the Unexploded Ordnance industry, a position for which Bennington was qualified. Bennington submitted a resume and certification to FPM and the company responded, by email, that it preferred not to hire someone of [Bennington's] experience into a Tech II position because "it is a young T2 sport down here . . . ." [*See* Docs. 1, ¶ 14, 9, ¶ 14]. The Commission alleges that this failure to consider Bennington for this position and other future positions was because of his age and that FPM continued to fill positions at the Oak Ridge location, including issuing a contract to a younger employee.

Prior to the initiation of this action, Bennington filed a charge of age discrimination with the Commission. The Commission found cause to believe that discrimination had occurred and attempted, to no avail, to effect voluntary compliance with FPM. The Commission then filed the Complaint [Doc. 1], to which FPM filed a Motion to Dismiss Due to Defective Waiver of Service and Defective Complaint [Doc. 4]. The Commission then filed a response in opposition to the motion [Doc. 6] and FPM filed a reply [Doc. 8].

On November 13, 2008, the Commission filed an Amended Complaint [Doc. 9] to correct the caption name of FMP. FPM returned the waiver of service [Doc. 10] and filed a Motion to Dismiss the Amended Complaint Due to Defective Venue, Jurisdiction,

2

Complaint, and Failure to State a Claim [Doc. 11]. The Commission responded [Doc. 12] and FPM has not filed a reply. On September 21, 2009, this Court entered an Order [Doc. 21] denying as moot FPM's Motion to Dismiss Due to Defective Waiver of Service and Defective Complaint [Doc. 4] in light of the Amended Complaint [Doc. 9] and the parties' subsequent filings.

**II.     Analysis**

In FPM's Motion to Dismiss the Amended Complaint Due to Defective Venue, Jurisdiction, Complaint and Failure to State a Claim [Doc. 11], FPM moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b), pursuant to four theories: (1) defective venue; (2) defective jurisdiction; (3) defective complaint; and (4) failure to state a claim. In light of FPM's arguments and the Commission's response, the Court will treat FPM's motion [Doc. 11] as a motion falling under the following Federal Rule of Civil Procedure 12(b) theories: a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; a Rule 12(b)(3) motion to dismiss for improper venue; and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. Pro. 12(b)(1), (3), (6).

In its motion, FPM also moves this Court to strike all references in the Amended Complaint pertaining to FPM's alleged "past, present and ongoing age discrimination policies or 'willful' unlawful employment practices." [Doc. 11, p.7]. The Court will treat this part of FPM's motion as a Federal Rule of Civil Procedure 12(f) motion to strike. *See* Fed. R. Civ. Pro. 12(f). Finally, FPM moves this Court to order the Commission to file a

3

more definitive statement pursuant to Federal Rule of Civil Procedure 12(e) [Doc. 11, p.8]. *See* Fed. R. Civ. Pro. 12(e).

**1.      Lack of Subject Matter Jurisdiction**

FPM argues that the jurisdiction invoked in the Commission's Amended Complaint is questionable and "improperly stated as to fact and law." [Doc. 11, p. 5]. FPM presents two arguments in support of this assertion. First, FPM argues that this Court does not have jurisdiction over the Commission's claims because the Commission has improperly invoked the ADEA in bringing this action. Second, FPM argues that the Commission has not met the jurisdictional requirement of an amount in controversy pursuant to 28 U.S.C. § 1337. The Court will treat these arguments as arguments pursuant to a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. of Civ. Pro. 12(b)(1). In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction and a court is empowered to resolve factual disputes when subject matter jurisdiction is challenged. *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 224 (6th Cir. 2007) (quoting *Moir v. Greater Cleveland Reg'l Transit. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

FPM's first argument is that the Commission should not have brought its claims under the ADEA because FPM had only "5 employees at the time of the alleged incident in its Oak Ridge branch office." [Doc. 11, p. 5]. FPM asserts that this is a fact known by the Commission and in the Commission's record [*Id.*]. In response, the Commission asserts that it has filed suit against FPM Group, LTD, the parent company of the Oak Ridge, Tennessee branch office and that FPM admitted, in the "FPM Group's Reply to U.S. Equal Employment

4

Opportunity Commission Request for Information," that it employed fifty-eight (58) full time employees and sixteen (16) part time employees [*See* Doc. 13-1, "Declaration and Certification of Katharine W. Kores"].

For an employer to be subject to suit under the ADEA, that employer must be "a person engaged in commerce who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calender year." *See* 29 U.S.C. § 630(b). The Court first notes that the Commission named FPM Group, LTD as defendant in the Amended Complaint and that receipt of the Amended Complaint was acknowledged by FPM in its waiver of service of summons [*See* Docs. 9, 10]. The Commission has also attached the Declaration of Katherine W. Kores, Director of the Memphis District Office of the Equal Employment Opportunity Commission, to support its assertion that FPM had more than twenty (20) employees [*See* Doc. 13-1, "Declaration and Certification of Katharine W. Kores"]. FPM, on the other hand, has not attached any affidavits or indicated any facts supporting the assertion that it only has five (5) employees [*See* Doc. 11, p.5]. Thus, in light of the relevant filings and the Court's standard of review regarding a Rule 12(b)(1) motion to dismiss, the Court determines that the Amended Complaint is sufficient to bring a claim under the ADEA. *See* 29 U.S.C. § 630(b). Thus, FPM's motion to dismiss for defective jurisdiction in this regard is denied.

FPM's second argument as to subject matter jurisdiction is that the Commission has not meet the jurisdictional requirement of an amount in controversy pursuant to 28 U.S.C. § 1337. In opposition, the Commission asserts that jurisdiction in this Court is proper

5

pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Section 451 defines the terms used in Title 28. *See* 28 U.S.C. § 451. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Section 1337(a) states that "[t]he district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." *See id.* § 1337(a). Section 1343 provides that "district courts shall have original jurisdiction" over civil actions regarding acts of Congress protecting civil rights. *See id.* § 1343. Finally, section 1345 states that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by an Act of Congress." *See id.* § 1345.

A federal question refers to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law is determined under the "well-pleaded complaint" rule, which generally looks only to the plaintiff's complaint. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005). Federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the well-pleaded complaint rule, courts determine whether a claim or right arises under federal law by examining the "well-pleaded" allegations of the complaint and ignoring

6

potential defenses.  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).  In other words, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (citation omitted).  Thus, the Court will look to the face of the Commission's Amended Complaint to determine if jurisdiction in this Court is proper.

The Commission has brought its claims under the ADEA, a federal law and an Act of Congress regulating commerce and providing for the protection of civil rights.  *See* 29 U.S.C. § 626(b).  The ADEA gives the Commission, the plaintiff in this action and an agency of the United States, the power of its enforcement.  *See id.* § 621.  Moreover, none of the above statutes conferring jurisdiction on this Court require an amount in controversy.  Rather, under 28 U.S.C. § 1337, it is only actions brought pursuant to 49 U.S.C. §§ 11706 and 14706 that require an amount in controversy exceeding $10,000, not actions brought under the ADEA.  *See* 28 U.S.C. § 1337(a), (b).  Therefore, on the face of the Amended Complaint, subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345.  Accordingly, FPM's motion to dismiss for defective jurisdiction in this regard is also denied.

**2.    Improper Venue**

FPM has alleged that venue is improper in this Court pursuant to 28 U.S.C. § 1391 because no substantial part of the events giving rise to the Commission's claims occurred in

7

this district [Doc. 11, pp. 2-4]. In opposition, the Commission asserts that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 1391(c).

The plaintiff has the burden to establish that venue is proper. *Gomberg v. Shosid*, No. 1:05-cv-356, 2006 WL 1881229 (E.D. Tenn. July 6, 2006). On a motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *See Gone to the Beach, LLC v. Choicepoint Serv., Inc.*, 434 F.Supp.2d 534, 537 (W.D. Tenn. 2006); Fed. R. Civ. Pro. 12(b)(3).

In this case, venue as to FPM is governed by 28 U.S.C. § 1391(b)(2), which provides the following:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b)(2).

For purposes of venue under this chapter, a defendant that is a corporation is governed by 28 U.S.C. § 1391(c), which provides:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(c).

Thus, at the time this action commenced, if FPM was subject to personal jurisdiction in Tennessee, venue in this Court will be proper if a substantial part of the events giving rise

8

to the Commission's claim occurred in Oak Ridge, Tennessee. *See* 28 U.S.C. § 1391(b)-(c). Because FPM is a corporation [Doc. 3, ¶ 1] and has not objected to personal jurisdiction in the State of Tennessee, the Court must now determine whether the facts alleged in the Amended Complaint, when viewed with all reasonable inferences in favor of the Commission, show that a substantial part of the events occurred in Oak Ridge, Tennessee. *See, e.g., Gone to the Beach, LLC*, 434 F.Supp.2d at 537.

The Commission has alleged that the employment contract at issue in this action identified the work location as "FPM Geophysical & UXO Services (Division of FPM Group, LTD), 706 S. Illinois Ave., Suite D-104, Oak Ridge, TN 37830" and that Bennington contacted this Oak Ridge, Tennessee office seeking employment [*See* Doc. 9, ¶ ¶ 4, 8, 10, 12-14]. The Commission has also attached an employment contract entered into by FPM that emanated from FPM's Oak Ridge, Tennessee office [Doc. 7-2, Exhibit B]. William Howell and Jeff Hackworth, the hiring officials the Commission alleges are involved in its claim against FPM, are identified as "UXO Department Manager, FPM Geophysical & UXO Services" and "Division Manager, FPM Geophysical & UXO Services," respectively [*Id.; see* Doc. 9, ¶ 14]. Further, Jeff Hackworth's office location is identified as Oak Ridge, Tennessee [Doc. 7-2, Exhibit B]. Thus, according to these alleged facts, the subsequent pleadings, and relevant exhibits, the Court finds that a substantial part of the events or omissions giving rise to the Commission's claim against FPM occurred in Oak Ridge, Tennessee. Therefore, venue in this Court is proper and FPM's motion to dismiss for improper venue is denied.

9

### 3. Failure to State a Claim Upon Which Relief Can be Granted

FPM argues that the facts alleged by the Commission in the Amended Complaint are false and misleading and there is nothing in the factual record to support the argument that FPM has an ongoing program of age discrimination or unlawful employment practices. FPM recites a list of facts in its motion to dismiss which it argues are the true facts that the Commission failed to disclose in the Amended Complaint and that, if disclosed, would show that the Commission does not have a claim against FPM. The Court will treat this argument as a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. Pro. 12(b)(6).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 518-19 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). In addition, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless

10

there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Because "[a] motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations[,]" the complaint will be construed in a light "most favorable [to the plaintiff] and [the Court will] accept all . . . factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (citations omitted). In a federal employment discrimination action, the Supreme Court has held that a complaint "must contain only a short and plain statement of the claim showing that the pleader is entitled to relief" and a plaintiff is not required to plead facts establishing a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508-10 (2002); *see also* Fed. R. Civ. Pro. 8(a)(2). In other words, there is no heightened pleading standard in an employment discrimination suit and a complaint may only be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz*, 534 U.S. at 514 (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965-69 (2007) (stating that factual allegations in a complaint must state a claim that is plausible on its face and one that may be supported by showing any set of facts consistent with the allegations of the complaint). Thus, in order to survive a Rule 12(b)(6) motion to dismiss, the Commission's Amended Complaint only has to assert a short and plain statement of its claims pursuant to Rule 8(a)(2) and give FPM fair notice of what the claims are and the grounds upon which each rests. *See Swierkiewicz*, 534 U.S. at 507, 512-14.

In the Amended Complaint, the Commission alleges that Bennington was over age forty (40), that he applied for a position of employment, for which he was qualified, with FPM, and that he was denied employment because of his age [*See* Doc. 9, ¶¶ 8, 10-17]. *See* 29 U.S.C. § 623(a) (stating that "[i]t shall be unlawful to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privilege of employment, because of such individual's age"); *id.* § 630 (providing the definitions applicable to the ADEA); *id.* § 631 (stating that the ADEA applies to "[i]ndividuals at least 40 years of age"). These allegations constitute a claim in violation of the ADEA. Further, these allegations, true or not, give FPM fair notice of what the Commission's claims are and the grounds upon which the claims rest. Whether or not the factual allegations alleged by the Commission are true is not to be determined on a Rule 12(b)(6) motion. Accordingly, the Commission has satisfied its burden of proof and FPM's motion to dismiss for failure to state a claim is hereby denied.

FPM also argues that the Amended Complaint "fails to state a sum certain claim upon which relief can be granted." [Doc. 11, p. 8]. In response, the Commission argues that it is not required to state such a sum. The Commission's action is brought pursuant to 29 U.S.C. § 626(b), which gives the Commission the power to enforce the prohibition of age discrimination. *See* 29 U.S.C. §§ 623(a), 626(b). A civil action under this chapter allows for recovery of "[a]mounts owing to a person as a result of a violation of this chapter [which] shall be deemed to be unpaid minimum wages or unpaid overtime compensation." 29 U.S.C. § 626(b). In addition, liquidated damages are payable in cases of willful violations. *Id.*

Further, an individual is entitled to a trial by jury "of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter." *Id.* § 626(c)(2).

Thus, pursuant to 29 U.S.C. § 626(b), the Commission was under no obligation to state a sum certain in the Amended Complaint. If, at a later stage in this litigation, it is determined that FPM violated any part of this chapter, the Commission would be entitled to bring its claim to a jury and that jury would determine the appropriate damages to be awarded. The determination of such an amount is not required at this stage of the pleadings. Thus, the Commission has requested relief that is among that available to the Court should the Commission prevail on its ADEA claim. Accordingly, FPM's motion to dismiss the Commission's Amended Complaint for failure to state a sum certain claim is hereby denied.

**4.      Motion to Strike**

FPM has also requested the Court to "strike all references in the Amended Complaint pertaining to Defendant's alleged past, present and ongoing age discriminatory policies or 'willful' unlawful employment practices . . . ." [Doc. 11, p.7]. FPM's only argument in support of this request is that the factual record does not support the Commission's factual allegations [Doc. 11, p. 7]. The Court will view this request as a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. Pro. 12(f).

Rule 12(f) provides that upon motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). It is well-settled that motions to strike are disfavored and should be granted only when "the allegations being challenged are so unrelated to plaintiff's

13

claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at p. 650 (2nd ed. 1990). *See F.D.I.C. v. Berry*, 659 F. Supp. 1475, 1479 (E.D. Tenn. 1987); *McKinnie v. Lundell Mfg. Co.*, 825 F. Supp. 834, 835 (W.D. Tenn. 1993). Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice" and it "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Thus, mindful of these principles, the Court must proceed cautiously in reviewing a motion to strike.

While FPM argues that the Commission's factual allegations are false, without more and at this early stage of the pleadings, the Court cannot determine that the facts asserted by the Commission are such that a motion to strike is warranted. Therefore, the Court will deny FPM's motion to strike.

**5.     Motion for a More Definite Statement**

FPM also moves for the Court to order the Commission to provide a more definite statement of "an alleged sum certain claim" pursuant to Federal Rule of Civil Procedure 12(e) [Doc. 11, p. 8]. *See* Fed. R. Civ. Pro 12(e). If a pleading fails to specify its allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz*, 534 U.S. at 514. Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

14

reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal courts generally disfavor motions for more definite statements. *Federal Ins. Co. v. Webne,* 513 F.Supp.2d 921, 924 (N.D. Ohio 2007). Thus, in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *Id.* A motion under Rule 12(e) should not be granted unless the complaint is " 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Shirk v. Fifth Third Bancorp,* 2008 WL 4449024, *8 (S.D. Ohio 2008) (quoting, *Kok v. First Unum Life Ins. Co.,* 154 F.Supp.2d 777, 781-82 (S.D. N.Y.2001)). Accordingly, if the complaint meets the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the motion should be denied. *Shirk*, at *8.

As set forth above, the Court has already determined that the Commission's Amended Complaint satisfies Rule 8(a)(2), which requires " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (citation omitted). Thus, FPM's motion for a more definite statement is not well-taken and can be denied on this basis alone.

### III. Conclusion

For the foregoing reasons, the Court finds that FPM's Motion to Dismiss the Amended Complaint Due to Defective Venue, Jurisdiction, Complaint and Failure to State a Claim [Doc. 11] is not well-taken and is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
